UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MELISSA NGUYEN<br>c/o Attorney Scott Perlmuter<br>2012 W. 25th Street, Ste. 716<br>Cleveland, Ohio 44113<br><br>On behalf of herself and all others similarly situated,<br><br>           Plaintiff,<br>  v.<br><br>BUCKEYE TRANSPLANT SERVICES, LLC<br>c/o its Statutory Agent<br>Jeff Arrington<br>12224 Road K<br>Ottawa, OH 45875<br><br>—and—<br><br>JEFF ARRINGTON<br>12224 Road K<br>Ottawa, OH 45875<br><br>—and—<br><br>JILL ARRINGTON<br>12224 Road K<br>Ottawa, OH 45875<br><br>           Defendants. | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFF'S COLLECTIVE ACTION COMPLAINT UNDER THE FAIR LABOR STANDARDS ACT** |

Plaintiff Melissa Nguyen, through counsel, respectfully files this Collective Action Complaint against Defendants, stating and alleging as follows.

**INTRODUCTION**

1. This case challenges practices of Defendants by which they willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who may join the case pursuant to § 216(b) ("Potential Opt-Ins").

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). This Court also has the authority to grant declaratory relief pursuant to the FLSA and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendants reside in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

**PARTIES**

5. At all times relevant, Plaintiff Melissa Nguyen was a citizen of the United States, residing in Omaha, Nebraska.

6. Defendant Buckeye Transplant Services, LLC ("Buckeye" or "Buckeye Transplant Services") is an Ohio limited liability company doing business throughout

the United States. According to records maintained by the Ohio Secretary of State, Buckeye's statutory agent for service of process is Jeff Arrington, 12224 Road K, Ottawa, Ohio 45875.

7. Defendant Jeff Arrington is an owner, operator, and principal manager of Buckeye Transplant Services and serves as its President.

8. Defendant Jill Arrington is an owner, operator, and principal manager of Buckeye Transplant Services and serves as its CEO.

## FACTUAL ALLEGATIONS

### Defendants' Business

9. Defendant Buckeye Transplant Services describes itself as "the leading provider in offering specialized 24-hour on call services for transplant centers nationwide." Buckeye's website states that "[s]ince [its] inception in 2008," it has "partnered with transplant centers across the country to manage organ offers through Donor Screening, Organ Call Coverage, Transportation Coordination, Donor Management, Facilitation of Organ Recovery and Transplantation processes, and Transplant Patient Calls."

10. In order to provide these services, Buckeye employs twenty or more employees who work as transplant coordinators.

### Buckeye's Employment of Plaintiff and Other Transplant Coordinators

11. Plaintiff Melissa Nguyen worked as a transplant coordinator for Buckeye Transplant Services from February 28, 2014 through December 10, 2017.

12. Plaintiff, as well as the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), were in fact non-exempt employees of Defendants under the FLSA, but were unlawfully classified by Defendants as "independent contractors."

**Defendants' Misclassification of Employees**

13. Defendants, in violation of law, misclassified their transplant coordinators as so-called "independent contractors," when in fact they were employees of Buckeye Transplant Services according to the standards applicable under the FLSA.

14. The transplant coordinators performed work that was most integral and central to Buckeye's business. Buckeye's business consists of "offering specialized 24-hour on call services for transplant centers nationwide." Buckeye provided such services by and through Plaintiff and other transplant coordinators.

15. Buckeye controlled the compensation its transplant coordinators earned for their work. Buckeye paid transplant coordinators "on an hourly base rate," at a rate set unilaterally by Buckeye and with no additional opportunity for compensation. Plaintiff was always paid by an hourly rate which increased over time solely at Buckeye's discretion. Plaintiff and other transplant coordinators submitted weekly timekeeping information into Buckeye's computer and were paid at their "hourly base rate" for the hours they worked.

16. Buckeye controlled the transplant coordinators' hours, setting the transplant coordinators' schedules, and requiring them be on the job for the entirety of their scheduled "on-call" periods. Plaintiff and the Potential Opt-Ins had little input on their work schedule save for the ability to request days off. Buckeye retained the right to

approve or reject requests for days off. Plaintiff virtually always worked over 40 hours per workweek. Her average workweek exceeded 80 hours and was often much longer.

17. Buckeye controlled the manner in which its transplant coordinators performed their work. Buckeye's transplant coordinators were required to utilize the United Network for Organ Sharing ("UNOS"), and to sign into the UNOS network using Buckeye's confidential login information. The hospitals for whom they provided transplant coordination were exclusively those with whom Buckeye had entered into relationships, and coordinators were required to abide by stringent workflows set forth by Buckeye. Buckeye issued mandatory policies and procedures that transplant coordinators were obligated to observe in carrying out their job duties.

18. As a matter of economic reality, the transplant coordinators were economically dependent on Buckeye. The transplant coordinators' work for Buckeye consumed the entirety of their normal workweeks.

19. The transplant coordinators worked for Buckeye in comparatively low-paying jobs and typically held their positions with Buckeye for long periods of time. Plaintiff worked for Buckeye as a transplant coordinator for over three years.

20. Buckeye investments and expenditures substantially outweighed any expenditures required on the part of the transplant coordinators. Buckeye maintains elaborate hardware and software systems for securing and storage of customer data. Buckeye has a main computer system protected by a firewall and other electronic security measures, and a separate backup hard drive is utilized to back up all

information on an hourly basis. Buckeye's transplant coordinators have none of these investments, and their own cash outlays are miniscule in comparison.

21. The transplant coordinators were under the supervision and control of Buckeye managers and supervisors. Buckeye trained all of its transplant coordinators. For new coordinators, Buckeye provided reference materials, conducted mock transplant offers, and required a period of shadowing experienced coordinators. By Buckeye policy, Buckeye's more experienced "lead coordinators" oversaw newly hired coordinators until the new coordinators were competent in fulfilling their duties.

### Buckeye's Failure to Pay Overtime Compensation

22. Plaintiff and the Potential Opt-Ins frequently worked more than forty hours in a single workweek.

23. The FLSA required Buckeye to pay overtime compensation to its transplant coordinators at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. 778.117.

24. Buckeye, having unlawfully misclassified Plaintiff and the Potential Opt-Ins as "independent contractors," failed to pay them overtime compensation. Plaintiff and the Potential Opt-Ins were simply paid their "regular rate" for all hours worked.

### Willfulness of Defendants' Violations

25. Defendants knew that Plaintiff and the Potential Opt-Ins were entitled to overtime compensation under the FLSA, or acted in reckless disregard for whether they were so entitled.

26. Defendants intentionally and willfully circumvented the requirements of the FLSA. Defendants designed their "independent contractor" pay structure in an attempt to circumvent the FLSA as well as other legal requirements.

### Defendants' Status As "Employers" Under the FLSA

27. Buckeye Transplant Services as an "employer" of Plaintiff and the Potential Opt-Ins within the meaning of the FLSA, 29 U.S.C. § 203(d).

28. Defendants Jeff Arrington and Jill Arrington were "employers" pursuant to 29 U.S.C. § 203(d) in that they were "person[s] [who] act[ed] directly or indirectly in the interest of an employer," Buckeye Transplant Services, "in relation to employees," including Plaintiff and the Potential Opt-Ins. Defendants Jeff and Jill Arrington had operational control over significant aspects of Buckeye's operations and day-to-day functions, including compensation of employees.

29. Defendant Jeff Arrington and Jill Arrington made the decision to treat Plaintiff and other transplant coordinators as "independent contractors" for purposes of compensation, instead of as hourly employees of Buckeye Transplant Services.

30. Department of Labor regulations provide that employees may work simultaneously for two or more joint employers. 29 C.F.R. § 791.2(a). Joint employment occurs when the two employers are "not completely disassociated" from one another. *Id.* Joint employers are "responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions." *Id.*

31. Buckeye Transplant Services and Defendants Jeff Arrington and Jill Arrington were joint employers of Plaintiff and the Potential Opt-Ins under the FLSA.

32. At all times relevant, Buckeye Transplant Services and Defendants Jeff Arrington and Jill Arrington were an enterprise within the meaning of 29 U.S.C. § 203(r) and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

34. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

35. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendants' FLSA violations consist of:

> All former and current transplant coordinators who worked for Buckeye Transplant Services as "independent contractors" during the period three years preceding the commencement of this action to the present.

36. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were misclassified by Defendants as so-called "independent contractors," all were subjected to and injured by Defendants' unlawful practice of failing to pay overtime compensation, and all have the same claims against Defendants for unpaid and overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

8

37. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of the action and giving them the opportunity to "opt in."

38. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of hundreds of persons. Such persons are readily identifiable through the records Buckeye has maintained, and was required to maintain, pursuant to the FLSA. *See, e.g.*, 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2.

## COUNT ONE
### (FLSA Overtime Violations)

39. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

40. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) will be filed with the Court.

41. The FLSA required Buckeye to pay overtime compensation to its transplant coordinators at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. 778.117.

9

42. Buckeye failed to pay overtime compensation to Plaintiff and the Potential Opt-Ins, in violation of the FLSA.

43. By engaging in these practices, Buckeye willfully violated the FLSA and regulations thereunder that have the force and effect of law.

44. As a result of Buckeye's violations of the FLSA, Plaintiff and the Potential Opt-Ins were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. Section 216(b) of the FLSA entitles them to an award of unpaid overtime compensation, as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall … allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
**(Declaratory Judgment)**

45. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

46. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, Plaintiff seeks a declaration that she and other similarly-situated transplant coordinators for Defendants were misclassified as independent contractors, and are entitled to compensation of one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek. Plaintiff further seeks a declaration that Defendants are required to maintain accurate and complete records of the hours worked by their transplant coordinators.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A.  Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.  Enter judgment against Defendants and in favor of Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b);

C.  Enter a declaratory judgment against Defendants holding that transplant coordinators for Defendants were misclassified as independent contractors, and are entitled to compensation of one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek, and that Defendants are required to maintain accurate and complete records of the hours worked by their transplant coordinators;

D.  Award compensatory damages to Plaintiff and the Opt-Ins in the amount of their unpaid wages, as well as liquidated damages in an equal amount;

E.  Award Plaintiff her costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

*s/ Scott D. Perlmuter*
Scott D. Perlmuter (0082856)
2012 West 25th Street, Ste. 515
Cleveland, Ohio 44113
216-308-1522
scott@tittlelawfirm.com

*s/ Thomas A. Downie*
Thomas A. Downie (0033119)
46 Chagrin Falls Plaza #104
Chagrin Falls, Ohio 44022
440-973-9000
tom@chagrinlaw.com

Counsel for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Scott D. Perlmuter*
Scott D. Perlmuter (0082856)